**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-25742-KMM

JORGE LUIS FERRER GONZALEZ,

Petitioner,

v.

WARDEN, SOUTH DETENTION
FLORIDA CENTER,

Respondent.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Petitioner Jorge Luis Ferrer Gonzalez's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (the "Petition" or "Pet."). (ECF No. 1). The Court issued an Order to Show Cause (the "OTSC") requiring Respondent to file one consolidated memorandum of fact and law to show why the Petition should not be granted. *See generally* (ECF No. 4). Respondent thereafter filed a Response to the OTSC, captioned as a Return to Writ of Habeas Corpus (the "Response" or "Resp."). (ECF No. 6). Petitioner did not file a reply, and the time to do so has passed. The Petition is now ripe for review. As set forth below, the Petition is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

Petitioner, a citizen of Cuba, filed his Petition on August 14, 2026,[1] challenging his detention as unlawful and as violating his Fifth Amendment rights to due process and contrary to

[1] Under the prison mailbox rule, a *pro se* prisoner's filing is considered filed on the date the prisoner delivers it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Unless the record shows otherwise, courts presume that the prisoner handed the filing to prison officials on the day he signed it. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted). The Eleventh Circuit has not squarely decided whether the

applicable federal immigration law. In the Response, Respondent contends that the Petition's claims are premature under *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). *See* Resp. at 5. The Court agrees that the Petition is premature.

## II. LEGAL STANDARD

Section 1231(a) of the Immigration and Nationality Act applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id.* § 1231(a)(1)(A). Once the order of removal is finalized, the Government should do its best to execute removal during the removal period. *See Zadvydas*, 533 U.S. at 699–701; *see Cardenas v. Lyons*, No. 26-CV-21767, 2026 WL 1078969, at *2 (S.D. Fla. Apr. 21, 2026). When the Government does not timely remove an alien during that period, indefinite detention "raises serious constitutional concerns." *See Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51-MMH-LLL, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026).

"The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.* (citation omitted). To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must show that: (1) he has been detained for more than six months; and (2) there is no significant likelihood of removal

prison mailbox rule extends to immigration detainees, but it has indicated that the rule "is best read to apply to anyone confined in an institution, whether civilly or criminally." *Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019) (cleaned up and citation omitted). Other courts have applied the rule in this context. *See, e.g.*, *Fosu v. Garland*, 36 F.4th 634, 637 (5th Cir. 2022) (holding that "the prison mailbox rule applies to pro se detainees in immigration proceedings" (citations omitted)); *Somodevilla v. Warden, Fla. Soft Side S. Det. Facility*, No. 2:26-CV-1372-JES-NPM, 2026 WL 1379034, at *1 (M.D. Fla. May 18, 2026). Here, Petitioner signed the Petition on August 14, 2026, and the Court thus deems it filed on August 14, 2026. Pet. at 8.

in the reasonably foreseeable future. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam); *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (per curiam).

## III. DISCUSSION

Here, an Immigration Judge ordered Petitioner removed to Cuba on May 14, 2026.[2] *See* Resp. at 2; (ECF No. 6-8) at 2. Although Petitioner reserved his right to appeal, he did not file an appeal by the June 15, 2026 deadline, and the removal order therefore became administratively final on that date. *See* Resp. at 2; (ECF No. 6-3) ¶ 16; (ECF No. 6-8); 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1241.1(c).[3] His removal period, and with it the six-month presumptively reasonable period, therefore began on June 15, 2026. *See* 8 U.S.C. § 1231(a)(1)(B)(i); *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (explaining that the removal period under § 1231 "begins on the date the removal order becomes administratively final"). When Petitioner filed the Petition on August 14, 2026, he had been in post-removal-order detention for approximately sixty days. Thus, the presumptively reasonable period had not expired when he filed, so his Petition is premature. *See Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*."); *Luque Flores v. Warden, N. Fla. Det. Ctr.*, No. 3:26-CV-1125-MMH-LLL, 2026 WL 2561593, at *2 (M.D. Fla. Aug. 31, 2026) ("Although [petitioner] has now been

[2] Petitioner alleges that he was ordered removed on May 4, 2026. Pet. at 6. The Immigration Judge's order reflects that it was entered on May 14, 2026. (ECF No. 6-8). This discrepancy does not affect the Court's analysis.

[3] Respondent calculates Petitioner's post-removal-order detention from the date the Immigration Judge entered the removal order, May 14, 2026. *See* Resp. at 5–6. Because the order did not become administratively final until the appeal period expired, the correct starting point is June 15, 2026. 8 C.F.R. § 1241.1(c). The distinction does not affect the outcome, as Petitioner's detention falls short of six months under either calculation.

detained for approximately 8 months, his *Zadvydas* claims [were] not ripe at the time he filed the [p]etition.").

In addition, Petitioner has not provided any evidence of a good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. To the contrary, the record reflects that the Government of Cuba approved Petitioner for repatriation on April 22, 2026, accepted him for repatriation on May 22, 2026, and approved him for repatriation again on July 21, 2026. Resp. at 2–3; (ECF No. 6-3) at ¶¶ 15–22. United States Immigration and Customs Enforcement scheduled Petitioner for a removal flight to Cuba on June 25, 2026, and, following its post-order custody review, determined that there is a significant likelihood of his removal in the reasonably foreseeable future. *See* Resp. at 2–3; (ECF No. 6-3) ¶ 20; (ECF No. 6-9) at 1. On this record, it appears Petitioner's removal to Cuba is significantly likely in the reasonably foreseeable future.

Accordingly, the Court finds that the Petition is premature. *See Cardenas*, at *3 (S.D. Fla. Apr. 20, 2026) (dismissing habeas petition as premature because the post-removal-order detention did not exceed six months).

## IV. CONCLUSION

UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of October, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

Jorge Luis Ferrer Gonzalez
A#: 244-221-463
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194